UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FOOD CONCEPTS INTERNATIONAL, L.P., a Texas limited partnership, | NO. CV-10-0342-LRS |
| Plaintiff, | |
| v. | DEFAULT JUDGMENT |
| MEX, INC. dba ABUELO'S FINE MEXICAN DINING, a Washington corporation, and its AGENTS, | |
| Defendants. | |

BEFORE THE COURT, without oral argument, is Plaintiff Food Concepts International, L.P.'s Motion for Entry of Default Judgment against Defendant Mex, Inc. dba Abuelo's Fine Mexican Dining and its Agents, which was filed January 14, 2011. (Ct. Rec. 7.)  Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.1987).  After considering Plaintiff's motion and the records and files herein, the Court hereby finds:

1. An Order granting default was entered by the Clerk of the Court against Defendant MEX, INC. and in favor of Plaintiff on November 30, 2010. (Ct. Rec. 6.)

ORDER ~ 1

2.  Granting or denying default judgment is within the court's sound discretion. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir.1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980).

3.  In light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action.  There is no indication that defendant's default resulted from excusable neglect.  Plaintiff communicated with defendant by mail on March 18, 2010 and May 7, 2010 requesting that defendant cease and desist infringing activity. Defendant was served on October 8, 2010 at its principal place of business and its registered agent was personally served with plaintiff's summons and complaint on October 12, 2010.  Plaintiff provided written notice to Defendant of its intent to move for entry of default.  Defendant had ample notice of plaintiff's intent to pursue judgment against it. Although public policy generally favors the resolution of a case on its merits, defendant's failure to appear and defend against plaintiff's claims has made a decision on the merits impossible in this case. Because all of these factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy that favors decisions on the merits, will grant plaintiff's motion for default judgment against defendant on all of plaintiff's causes of action.  Having determined that entry of default judgment is warranted, the court must next determine the terms of the judgment.

4. The Lanham Act provides for statutory damages for violations of §1125(d)(1). "[T]he plain language of the statute affords plaintiffs the right to pursue statutory damages without proving actual damages; however, the statute does not provide guidelines for courts to use in

1  determining an appropriate award." *Louis Vuitton Malletier & Oakley, Inc.*

2  *v. Veit*, 211 F.Supp.2d 567, 583 (E.D.Pa.2002).  The statute reads:

3        (d) Statutory damages for violation of section 1125(d)(1)

4        In a case involving a violation of section

5        1125(d)(1) of this title, the plaintiff may elect,
      at any time before final judgment is rendered by the
      trial court, to recover, instead of actual damages

6        and profits, an award of statutory damages in the
      amount of not less than $1,000 and not more than

7        $100,000 per domain name, as the court considers
      just.

8  15 U.S.C.A. § 1117(d).

9      5.  Plaintiff, for purposes of this default judgment, is requesting

10 statutory damages pursuant to 15 U.S.C. §1117(d).

11     6.  Under the Lanham Act, the prevailing party may be awarded

12 reasonable attorney fees "in exceptional cases." 15 U.S.C. § 1117(a). The

13 statute does not define the term "exceptional cases," but the Ninth

14 Circuit has held that "attorneys' fees are available in infringement

15 cases where the acts of infringement can be characterized as malicious,

16 fraudulent, deliberate, or willful." *Rio Properties, Inc. v. Rio Int'l*

17 *Interlink*, 284 F.3d 1007, 1023 (9th Cir.2002) (*citing Playboy Enters.,*

18 *Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1276 (9th Cir.1982)).

19     7.  Plaintiff incurred attorneys' fees in the amount of $26,486.00.

20 See Declarations of Haggerty and Becker.  Plaintiff is requesting costs

21 incurred in this action, however, an amount has not been specified.

22    Based upon the foregoing, it is hereby **ORDERED, ADJUDGED, AND**

23 **DECREED**:

24    1.  Plaintiff Food Concepts International, L.P.'s Motion for Entry

25 of Default Judgment against Defendant Mex, Inc. dba Abuelo's Fine Mexican

26 Dining and its Agents, which was filed January 14, 2011, **Ct. Rec. 7**, is

ORDER ~ 3

**GRANTED.** Upon consideration of all of plaintiff's briefing, the undersigned will order that damages be awarded but not in the amount requested.

2. Plaintiff Food Concepts is awarded statutory damages of $10,000.00 for Mex Inc.'s use of the domain name abuelosfinedining.com in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

3. Plaintiff is awarded reasonable attorney's fees in the amount of Twenty-Six Thousand Four Hundred Eighty-Six Dollars ($26,486.00) based on facts supporting an "exceptional case" under 15 U.S.C. § 1117(a).

4. The Registrar of the domain name abuelosfinedining.com, GoDaddy, Inc., with a principal place of business of 14455 N. Hayden Rd., Suite 219, Scottsdale, AZ 85260, is hereby ordered to transfer ownership of the abuelosfinedining.com domain to Food Concepts.

5. Mex Inc. and its officers, directors, agents, employees, successors, assigns and attorneys, and all persons and entities in active concert or participation who receive notice of the injunction by personal service or otherwise, are hereby permanently enjoined and restrained from doing, aiding, causing, or abetting any of the following:

(a) advertising, promoting and/or offering restaurant services under the ABUELO'S trademark or any other commercial designation confusingly similar to a trademark or service mark owned by Food Concepts;

(b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade as to the source of the restaurant services advertised or offered by Mex Inc. or likely to deceive members of the public or the trade into believing that

ORDER ~ 4

1  there is some connection between Mex Inc., including any business
2  operations through any website connected to the domain name
3  abuelosfinedining.com or any domain names that are identical or
4  confusingly similar to Food Concepts' trademarks;

5      (c) re-registering the Domain Name or a domain name
6  substantially or confusingly similar to the Domain Name, with a different
7  registrar or in a different top level domain in the future; and

8      (d) directly or indirectly using in commerce a reproduction,
9  counterfeit, copy, or colorable imitation of Food Concepts' registered
10  marks in connection with the sale, offering for sale, distribution, or
11  advertisement of any goods and/or services without authorization from
12  Food Concepts, and including any business operations through any website
13  connected to the domain name abuelosfinedining.com or any domain name
14  that is identical or confusingly similar to Food Concepts' trademarks.

15      6.  Food Concepts is hereby awarded post-judgment interest at the
16  statutory rate on all sums awarded by this Court.

17      **IT IS SO ORDERED.** The District Court Executive is directed to:

18      (A)  Enter this Judgment,

19      (B)  Provide copies of this Judgment to counsel and Defendant, and

20      (C) **CLOSE THE FILE.**

21      **DATED** this 15th day of March, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ~ 5